UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARIA LOPEZ-MAYEN,

                               Plaintiff,                           Case No. _____

    -against-

                                                       **COMPLAINT**

LOWE'S HOME CENTERS, LLC, ROBERT THOMAS,
and WILLIAM LAPASNICK, in their individual and
professional capacities,                            **Jury Trial Demanded**

                               Defendants.
-------------------------------------------------------------------------X

       Plaintiff MARIA LOPEZ-MAYEN (hereinafter referred to as "Plaintiff"), by and through

her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the

Defendants LOWE'S HOME CENTERS, LLC, ROBERT THOMAS, and WILLIAM

LAPASNICK, in their individual and professional capacities (hereinafter collectively referred to

as "Defendants"), respectfully alleges as follows:

## NATURE OF CASE

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's

fees pursuant to Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, and for

violations of New York State Human Rights Law, Article 15 of the Executive Law ("NYSHRL")

§ 296, *et seq*., for national origin, race/color, sex, and retaliation, and any other claims(s) that

can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 2000(e).

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

5.     Plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR"), dual filed with the Equal Employment Opportunity Commission ("EEOC") on or about September 2, 2020, against Defendant Lowe's Home Centers, LLC, Robert Thomas and William Lapasnick, NYSDHR Case No. 10209441 and EEOC No. 16G-2020-04041.

6.     On August 15, 2022, EEOC issued Plaintiff a Notice of Right to Sue. Annexed hereto as **Exhibit A**.

7.     On May 5, 2022, the NYSDHR issued an Administrative Convenience Dismissal. Annexed hereto as **Exhibit B**.

8.     Plaintiff has exhausted all administrative remedies, statutory prerequisites and conditions precedent under federal law.

9.     Fees and costs are sought pursuant to 42 U.S.C. § 1988.

## THE PARTIES

10.    At all times relevant to this Complaint, Plaintiff was an individual residing in the County of Orange, State of New York.

11.    Defendant Lowe's Home Centers, LLC, is a limited liability company formed and existing under and by virtue of the laws of the State of North Carolina, headquartered in the State of North Carolina.

12.    Upon information and belief, Defendant principal office is located at 1000 Lowe's Blvd., Mooresville, NC 28117.

13.    Upon information and belief, at all times relevant to this Complaint, Defendant maintained more than (15) employees.

14.   Defendant owns and operates a retail Lowe's Home center store location at 3924 Summerville Way, Chester, NY 10918.

15.   Upon information and belief, Defendant Robert Thomas was and is a citizen of the State of New York.

16.   Upon information and belief, Defendant William Lapasnick was and is a citizen of the State of New York.

**BACKGROUND FACTS**

17.   Plaintiff's national origin is Guatemalan, and race/color is Latina/Hispanic.

18.   Plaintiff's gender/sex is female.

19.   Plaintiff commenced her employment in or around 2006 at the Lowe's Home Center located in Matamoros, Pennsylvania as cashier and worked her way up to various positions and promotions.

20.   In or about February 2019, Defendants transferred Plaintiff to the Lowes store location in Chester, New York.

21.   In or about February 2019, Plaintiff was promoted to Sales Floor Department Supervisor and worked in the Hardware and Tools department.

22.   At all relevant times herein, the events that occurred in this complaint occurred at the Chester, New York store location.

23.   When Plaintiff began her employment at the Chester, New York store location, Manager William Lapasnick ("Lapasnick") (white male, American) did not provide Plaintiff with the training that other employees received.

24.   Plaintiff complained to Lapasnick about not receiving training and asked him multiple times about when she would receive training, but Lapasnick never provided training to Plaintiff.

3

25.    In or about August 2019, employee Robert Thomas ("Thomas") (white male, American) was transferred to Plaintiff's department.

26.    In or about October 2019, Lapasnick offered Plaintiff a demotion which Plaintiff denied.

27.    After Plaintiff denied the demotion, Lapasnick threated to terminate Plaintiff's employment.

28.    On or about October 14, 2019, Plaintiff complained via email about Thomas disrespecting her, such as referring to Plaintiff team as "worse than animals."

29.    On or about November 25, 2019, Plaintiff complained to Human Resources about discrimination and about Lapasnick yelling at her.

30.    On or about November 27, 2019, Plaintiff complained via email about Lapasnick threatening her.

31.    On or about December 6, 2019, Thomas mocked Plaintiff's accent during a store meeting.

32.    On or about December 6, 2019, Plaintiff complained via email about discrimination and harassment.

33.    Plaintiff expressed that she felt "discriminated, excluded."

34.    Plaintiff further explained how she was suffering disparate treatment by being excluded from trainings and not receiving training while other supervisors received training.

35.    Plaintiff described how she was being discriminated based upon national origin and treated differently due to her accent.

36.    Thomas would make fun of the way Plaintiff spoke English and would mock Plaintiff in meetings. Plaintiff described an incident in which Thomas joked about Plaintiff needing to speak English despite Plaintiff speaking English.

37.    Other co-workers were present and witnessed this.

4

38.   On or about May 6, 2020, Plaintiff complained to Lapasnick via email about being singled out and blamed for things which she had little control over while other managers and supervisors were not held accountable.

39.   On or about May 18, 2020, Plaintiff complained via email about Thomas putting his hands on an associate's shoulders. In this email, Plaintiff stated that she felt "for the moment it is uncomfortable what happened to the associate because Mr. Thomas in the past in a couple of occasions also gave me hugs…"

40.   On or about May 31, 2020 and again on June 1, 2020, Plaintiff complained about Thomas asking another employee to put his hands on him in effort to disrespect and make Plaintiff feel uncomfortable.

41.    Plaintiff complained about how Thomas did this in front of her to taunt and provoke her since he was already aware that she was uncomfortable with his inappropriate touching.

42.   On or about May 31, 2020, supervisor Elizabeth (white female, American) denied Plaintiff training.

43.   On or about June 1, 2020, Plaintiff complained about Thomas telling other employees to touch him in front of Plaintiff.

44.   On or about June 2, 2020, Plaintiff complained via email about discrimination and being denied opportunities and training.

45.   Plaintiff listed a number of opportunities and trainings that were denied to her, including but not limited to: being denied trainings, being yelled at, denied access, etc.

46.   Plaintiff also complained that she was being denied these opportunities due to her race and national original.

47.   In her June 2, 2020 email complaint, Plaintiff wrote, "The way I am being treated by some of the leaders of the store made me feel that they are doing what they are doing because I am different from them."

48.   In  her email complaint, Plaintiff also wrote, "It hurts to know that the way I speak because of my accent, my appearance, and national origin (not being originally from the United States) is not accepted as a position of respect and leadership for the store."

49.   In  her email complaint, Plaintiff also wrote, "Treating me like I am inferior to them because of difference where I have been yelled at by other colleagues in similar positions, associates, and management."

50.   On or about June 4, 2020,  Plaintiff complained via email about Thomas "encouraging an associate to pat his back."

51.   On or about June 12, 2020, Plaintiff complained to Human Resources about discrimination and her recent complaints about Thomas and supervisor Elizabeth.

52.   On or about June 13, 2020, Thomas inappropriately touched Plaintiff.

53.   On or about June 14, 2020, Plaintiff complained via email to Lapasnick and other management about Thomas.

54.   Specifically, Plaintiff stated, "Yesterday, Mr. Robert Thomas put his hands on me, making me feel uncomfortable. In the past he hugged me and now he touched me. He needs to be held accountable for his actions. His not respecting my boundaries I had told him that I don't want to be touch. I did not consent for him to touch me."

55.   On or about June 14 and 16, 2020, Plaintiff went to the Village of Chester Police Department and reported the sexual harassment and unwanted touching caused by Thomas.

56.    On or about June 19, 2020, Plaintiff complained about supervisor Elizabeth discriminating against Plaintiff based on her national original due to Elizabeth making fun of Plaintiff requesting to receive training, excluding Plaintiff from trainings, and mocking customer's accent.

57.    On or about June 26, 2020, Plaintiff complains to Human Resources representative Jewelle about Thomas touching her and another employee and Thomas rubbing Plaintiff's back and shoulder. Plaintiff also complained about Thomas mocking her.

58.    On or about July 4, 2020, Ken a coworker told Plaintiff that Thomas is back in the Tools and Hardware department and Thomas will continue working with Plaintiff.   Plaintiff complained that she is uncomfortable working alongside Thomas after Thomas has inappropriately touched her on more than one occasion.

59.    On or about July 5, 2020, Assistant Manager Jasmine told Plaintiff to give Thomas another opportunity.

60.    On or about July 6, 2020, Jasmine told Plaintiff that Thomas is Plaintiff's responsibility to handle him.

61.    On or about July 8, 2020, Plaintiff complained about being uncomfortable about Thomas returning to her department following her complaints of sexual harassment.

62.    On or about July 21, 2020, Plaintiff complained to HR that "Mr. Thomas coming back makes me feel uncomfortable. I feel it is unfair to ignore the immoral situation that I had to experience."

63.    On July 29, 2020, Plaintiff made a complaint to the police regarding an incident in which someone at work accessed her cell phone which was in her locker and deleted messages.

64.    On or about August 17 and 24, 2020, Plaintiff sent HR an email complaint regarding Thomas.

65.   Plaintiff complained about Thomas putting his hands on her and hugged her a couple of times. This made Plaintiff feel very unsafe and uncomfortable in the workplace.

66.   Plaintiff also complained about Thomas returning to work in her same department. Plaintiff also informed HR that she had witnesses regarding these incidents.

67.   Plaintiff requested that Thomas work in one of the other eleven departments in the store in order to avoid any further sexual harassment or abusive behavior.

68.   During Plaintiff's employment, employee Thomas sexually harassed Plaintiff in the workplace.

69.   On more than one occasion, Thomas inappropriately touched Plaintiff, including but not limited to an unwanted hug, unwanted massage on the back, and unwanted touch on the shoulder.

70.   On more than one occasion, Thomas ridiculed and mimicked Plaintiff's accent and made discriminatory comments regarding her accent.

71.   On more than one occasion, Thomas made inappropriate comments about Plaintiff's accent in front of other employees, such as asking Plaintiff to speak English even though Plaintiff was speaking English.

72.   Plaintiff made numerous complaints to Defendants, but rather than investigate Plaintiff's complaints of discrimination and sexual harassment, Defendants failed to investigate and failed to take appropriate action.

73.   Instead of investigating Plaintiff's complaints, Lapasnick merely told Plaintiff to just give Thomas another chance and forced Plaintiff to continue working with Thomas in the same department.

74.   Defendants retaliated against Plaintiff for her complaints and ultimately terminated her employment on August 29, 2020.

75. Following the termination, on or about September 12, 2020, Plaintiff made a complaint to Lowes Code of Ethics and reiterated all of the complaints she made during her employment.  On or about September 12, 2020, Lowes Code of Ethics issued a document stating:

76. Thomas' "act of touching humiliated her, made her feel less, and even made her anxious, both physically and emotionally, to come to work."

77. Lapasnick "knows about this incident because he was informed by [Plaintiff] and still continued to place this employee to work within the same department as [Plaintiff], out of over the 12 other departments the store has to offer for a short period of time."

78. Plaintiff "has informed several Human Resources employees about this incident (Joshua, Heide, and Jewls) and nothing has happened, so as a result she has obtained a police report about the touching incident to validate her experience."

79. "The most recent case of discrimination ended in wrongful termination, in the date of August 28, 2020…" and "The earliest events of discrimination started in the October of 2019 and the latest touching incident happened in June 2020."

80. Lapasnick "would verbally yell at [Plaintiff] in the store along with other Assistant Store Managers who followed."

81. "Maria asked for training because she observed that the other leaders were given training and Maria was denied this opportunity."

82. "Maria stated she was treated like a piece of garbage, and she would be made fun of for speaking with an accent. In November 2019, Robert Thomas was making fun of Maria in front of everyone during the morning meetings."

83. "On June 12, 2020, Thomas was touching a male employee and making him feel uncomfortable. Plaintiff filed a report."

9

84.   "Despite his actions, Thomas was never written up or given corrective action. Thomas continued to encourage other employees to touch him in front of [Plaintiff]. This was done to take away [Plaintiff's] authority. This was reported to HR, but no disciplinary action was ever taken. Management was ignoring this situation, and [Plaintiff] was forced to file a police report to get the support she needed. She filed a police report after Thomas touched her."

85.   "Prior to her termination, [Lapasnick] hinted that Thomas would work alongside her in the same department that she supervised, out of over the 12 other departments within the same store."

86.    "As a result, Plaintiff felt anxious to come to work and would physically freeze up on the Lowe's parking lot and other nearby locations due to the thought of working around Thomas and her discomfort on working in the unhealthy work environment [Lapasnick] has cultivated for her."

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII

87.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

88.   Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

89.   Defendant LOWE'S engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing race discrimination, color discrimination and causing a hostile work environment.

90.    Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER
## TITLE VII

91.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of

this complaint.

92.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that

it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any

of h[er] employees . . . because [s]he has opposed any practice made an unlawful employment

practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated

in any manner in an investigation, proceeding, or hearing under this subchapter."

93.    Defendant LOWE'S engaged in unlawful employment practice prohibited by 42 U.S.C.

§2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges

of employment because of her opposition to the unlawful employment practices of Defendant.

94.    Defendant LOWE'S violated the above and Plaintiff suffered numerous damages as a

result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW

95.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of

this complaint.

96.    Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a)

For an employer or licensing agency, because of an individual's age, race, creed, color, national

origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics,

marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

97.   Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her national origin, race/color, sex and prior complaints causing a hostile work environment.

98.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW

99.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

100.  New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

101.  Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff causing her termination.

## DEMAND FOR TRIAL BY JURY

102.  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.    A judgment declaring that the practices complained of herein are unlawful and in

willful violation of the aforementioned federal and New York State laws;

b.    Awarding Plaintiff all damages;

c.    Awarding Plaintiff compensatory damages;

d.    Awarding Plaintiff punitive damages;

e.    Awarding Plaintiff consequential damages;

f.    Awarding Plaintiff statutory damages;

g.    Awarding Plaintiff costs and disbursements incurred in connection with this

action, including reasonable attorneys' fees, expert witness fees, and other costs;

h.    Pre-judgment and post-judgment interest, as provided by law; and

i.    Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: November 11, 2022
New York, New York

By:    *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ
(CB 1988)
MELISSA ALEXIS RODRIGUEZ, ESQ
(MR 1420)
BERLINGIERI LAW, PLLC
Attorney for Plaintiff
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:    (347) 766-5185
Fax:    (914) 730-1044
Email: cjb@nyctlaw.com
Email: melissa@nyctlaw.com

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/15/2022

**To:**  Maria Lopez-Mayen
105 Hudson Street
Port Jervis, NY 12771
Charge No: 16G-2020-04041

EEOC Representative and email:    Holly Shabazz
S/L Tribal Program Manager
holly.shabazz@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party wishes to pursue matter in Federal District Court..

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
08/15/2022

Timothy Riera
Acting District Director

**Cc: Lowe's Home Centers, LLC**

Melissa Rodriguez, Esq.

Please retain this notice for your records.

# EXHIBIT B



**Division of
Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

**NEW YORK STATE DIVISION
OF HUMAN RIGHTS**
    on the Complaint of

**MARIA C. LOPEZ-MAYEN,**

                        Complainant,

        v.

**LOWE'S HOME CENTERS, LLC, BILL
LAPASNICK, ROBERT THOMAS,**

                    Respondents.

**NOTICE AND
FINAL ORDER**

Case No. 10209441

---

Federal Charge No. 16GC004041

      **PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Order

of Dismissal for Administrative Convenience ("Recommended Order"), issued on April 25,

2022, by Martin Erazo, Jr., an Administrative Law Judge of the New York State Division of

Human Rights ("Division").  An opportunity was given to all parties to object to the

Recommended Order, and all Objections received have been reviewed.

      Pursuant to 9 N.Y.C.R.R. § 465.17(c)(3), Adjudication Counsel Peter G. Buchenholz has

been designated by the Commissioner as the person who is fully empowered to decide this case.

      <u>**PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED**</u>

<u>**ORDER IS HEREBY ADOPTED AND ISSUED BY PETER G. BUCHENHOLZ,**</u>

<u>**ADJUDICATION COUNSEL, AS THE FINAL ORDER OF THE NEW YORK STATE**</u>

<u>**DIVISION OF HUMAN RIGHTS ("ORDER")**</u>.  In accordance with the Division's Rules of

Practice, a copy of this Order has been filed in the offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458.  The Order may be inspected by any member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, within sixty (60) days after service of this Order.  A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  Please do not file the original Notice or Petition with the Division.

**ADOPTED, ISSUED, AND ORDERED**.

DATED:        May 5, 2022
              Bronx, New York

PETER G. BUCHENHOLZ
ADJUDICATION COUNSEL

TO:

<u>Complainant</u>
Maria C. Lopez-Mayen
105 Hudson Street
Port Jervis, NY 12771

<u>Complainant Attorney</u>
Melissa Alexis Rodriguez, Esq.
Berlingieri Law, PLLC
244 Fifth Avenue, Suite F276
New York, NY 10001

<u>Respondent</u>
Lowe's Home Centers, LLC
Attn: Joseph R. Hugg, Corporate Counsel
 Headquarters/Corporate Counsel
1000 Lowe's Blvd. Mailcode: LGL
Mooresville, NC 28117

<u>Respondent</u>
Bill Lapasnick
Lowe's Home Centers, LLC
314 East First Street
Corning, NY 14830

<u>Respondent</u>
Robert Thomas
Lowe's Home Centers, LLC
13 Meadow Avenue
Chester, NY 10918

<u>Respondent Secondary Address</u>
Lowe's Home Centers, LLC
3924 Summerville
Chester, NY 10918

<u>Respondent Attorney</u>
Stephanie Simpson
Seyfarth Shaw LLP
620 Eighth Avenue, Suite 3200
New York, NY 10018

<u>Respondent Attorney</u>
Howard M. Wexler, Esq.
Seyfarth Shaw LLP

620 Eighth Avenue, 32nd Floor
New York, NY 10018-1405


Hon. Letitia James, Attorney General
Attn: Civil Rights Bureau
28 Liberty Street
New York, New York 10005

<u>State Division of Human Rights</u>
Robert Goldstein, Director of Prosecutions
Lilliana Estrella-Castillo, Chief Administrative Law Judge
Martin Erazo, Jr., Administrative Law Judge
Michael Swirsky, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel